**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

**Civil Action No. 14-cv-01485-MSK-NYW**

**ALYSSA LONGWORTH,**

    **Plaintiff,**

**v.**

**CIGNA HEALTH AND LIFE INSURANCE COMPANY,**

    **Defendant.**

---

**ORDER REMANDING BENEFITS DETERMINATION AND**
**DISMISSING STATE LAW CLAIMS**

---

THIS MATTER comes before the Court for review of denial of health insurance benefits to the Plaintiff, Alyssa Longworth, under an insurance plan governed by the Employment Retirement Income Security Act of 1974, 28 U.S.C. § 1001, *et seq.* ("ERISA"). The Defendant, Cigna Health and Life Insurance Company (Cigna) submitted an Administrative Record (**#27**). Ms. Longworth filed an Opening Brief (**#26**), Cigna filed a Response **(#28)** and Ms. Longworth Replied (**#29**). Upon review of the pleadings, the Court found that additional information was required and held a hearing **(#38).** Based on the representations of the parties, the Court finds as follows.

All claims by Ms. Longworth brought under state law should be dismissed, with prejudice, as having been pre-empted by ERISA. 29 U.S.C. § 1144(a); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739-40 (1985).

Ms. Longworth did not complete the claim allowance process prior to initiating this action. Therefore the matter must be remanded.

In conjunction with the remand, the Court notes that Ms. Longworth's claim is for $6,260.02 in medical costs billed to her for treatment at Memorial Hospital. Cigna has a service provider agreement with Memorial Hospital which limits the amount it is paid for services provided to Ms. Longworth. The terms of the insurance contract governing coordination of benefits provided that primary payment responsibility was by Progressive Insurance Co. (an automobile insurer). Progressive paid Memorial Hospital more than the amount it was entitled to receive under its service agreement with Cigna (and, by extension, Ms. Longworth). Thus, the parties agree that Memorial Hospital is not entitled to further payment from Cigna or Ms. Longworth. Accordingly, the Court directs upon remand, that Cigna and Ms. Longworth use their best efforts to resolve the billing issue with Memorial Hospital.

The Court hereby **DISMISSES** Ms. Longworth's state law claims with prejudice, and **REMANDS** this matter for further administration in accordance with the health insurance plan. The Clerk shall close this case.

Dated this 12th day of February, 2016.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge